2:25-cv-00353-APG-BNW



# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

**Mike Langley,**
Plaintiff,

v.

**TRANSPORTATION SECURITY ADMINISTRATION (TSA),
LAS VEGAS METROPOLITAN POLICE DEPARTMENT (LVMPD),
HARRY REID INTERNATIONAL AIRPORT,
[MANUFACTURERS AND OPERATORS OF SECURITY SCANNING MACHINES],**
Defendants.

**Case No.:**
**COMPLAINT FOR VIOLATIONS OF CONSTITUTIONAL RIGHTS, CIVIL RIGHTS, AND NEGLIGENCE**
**JURY TRIAL DEMANDED**

---

### INTRODUCTION

1. Plaintiff **Mike Langley** brings this action to challenge the unlawful and invasive search conducted by TSA agents at Checkpoint D, Terminal 1 of Harry Reid International Airport on November 28, 2024.
2. Plaintiff asserts that the TSA, in coordination with LVMPD and Harry Reid International Airport, engaged in an unconstitutional and excessive search, violating Plaintiff's **Fourth Amendment rights** and other legal protections.
3. Additionally, Plaintiff contends that the **manufacturers and operators of security scanning machines** at the airport negligently designed, programmed, or operated their systems to generate false positives, subjecting travelers to unjustified invasive searches.
4. Through this complaint, Plaintiff seeks declaratory relief, compensatory damages, punitive damages, and injunctive relief to prevent future abuses.

---

### JURISDICTION AND VENUE
5. This Court has **federal question jurisdiction** pursuant to **28 U.S.C. § 1331**, as this action arises under the **Fourth Amendment to the United States Constitution** and **42 U.S.C. § 1983**.

6. This Court has **supplemental jurisdiction** over Plaintiff's state law claims pursuant to **28 U.S.C. § 1367**.
7. Venue is proper in this district under **28 U.S.C. § 1391(b)**, as the events giving rise to this claim occurred in **Las Vegas, Nevada**.

**PARTIES**

8. Plaintiff **Mike Langley** is an individual USA Citizen residing at 14617 Waterview Circle, Addison, Texas 75001.

9. Defendant **Transportation Security Administration (TSA)** is a federal agency within the **Department of Homeland Security (DHS)** responsible for security screenings at U.S. airports, including Harry Reid International Airport.
10. Defendant **Las Vegas Metropolitan Police Department (LVMPD)** is a law enforcement agency responsible for security enforcement at Harry Reid International Airport.
11. Defendant **Harry Reid International Airport** is a public airport located in Las Vegas, Nevada, responsible for airport security policies and oversight of TSA operations.
12. Defendant **[Manufacturer and Operators of Security Scanning Machines]** are entities responsible for the **design, operation, and maintenance** of the scanning machines used by TSA. Plaintiff will determine their exact identities through discovery.

**FACTUAL ALLEGATIONS**

13. On **November 28, 2024**, at approximately **5:40 AM**, Plaintiff entered Checkpoint D at **Harry Reid International Airport** to proceed through security screening.

14. Plaintiff observed **TSA agents aggressively searching a male passenger**, particularly in the **genital area**, despite no visible cause for concern.
15. Plaintiff passed through the **full-body scanner**, after which TSA agents falsely flagged Plaintiff for allegedly carrying an object in the **genital region**, triggering an **invasive and aggressive pat-down**.
16. A TSA agent conducted a **forceful and intrusive search**, including excessive contact with Plaintiff's **genital area, testicles, and anus**.
17. Plaintiff objected and verbally stated that the search was **sexual assault**. In response, the TSA agent **acted in a threatening manner** and summoned a supervisor.
18. The **supervisor repeated the aggressive pat-down**, further violating Plaintiff's bodily integrity and constitutional rights.
19. Plaintiff attempted to file a **criminal complaint** with an on-site LVMPD officer, who refused to take action and instead appeared to protect the TSA agents.
20. Plaintiff observed a **pattern of TSA agents falsely flagging multiple male passengers** for additional screening, leading Plaintiff to believe TSA was **manipulating the scanning machines** to generate false positives.
21. Plaintiff contends that the **x-ray scanning machines** used at Harry Reid International Airport were **either intentionally manipulated or negligently programmed** to facilitate targeted searches. Plaintiff will determine the responsible manufacturers and operators through discovery.
22. Plaintiff **filed an administrative complaint with TSA** regarding the invasive search. TSA initially responded, requesting further information. Plaintiff complied and provided

the requested information. However, after Plaintiff's first response, **TSA ceased all communication and failed to provide any further response or resolution**.
23. Plaintiff then **sent a final written request** for action, stating that failure to respond would result in legal action. **TSA did not respond within the time specified**, nor have they communicated further. Given TSA's failure to act within the required period, Plaintiff has **exhausted administrative remedies** under the **Federal Tort Claims Act (FTCA)** and is now entitled to bring this lawsuit.

---

## CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FOURTH AMENDMENT (Against TSA)

24. Plaintiff re-alleges all prior paragraphs as if fully set forth herein.
25. The **unreasonable, invasive, and excessive** nature of TSA's search violated Plaintiff's **Fourth Amendment right to be free from unlawful searches and seizures**.
26. TSA agents **manipulated the scanning machines** to create false positives, leading to unconstitutional bodily searches.

### COUNT II: CIVIL RIGHTS VIOLATION (42 U.S.C. § 1983) – Against TSA and LVMPD

27. Plaintiff re-alleges all prior paragraphs as if fully set forth herein.
28. TSA and LVMPD, acting **under color of law**, violated Plaintiff's constitutional rights by conducting and enabling unlawful searches.

### COUNT III: NEGLIGENCE – Against Harry Reid International Airport and Security Scanning Machine Operators

29. Plaintiff re-alleges all prior paragraphs as if fully set forth herein.
30. Defendants **failed to implement safeguards** to prevent TSA from using faulty scanning technology to justify invasive searches.
31. The **manufacturers and operators of the security scanning machines negligently designed, programmed, or operated** their devices, facilitating false positives that subjected travelers to unconstitutional searches.

---

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. A **declaratory judgment** that TSA's search violated Plaintiff's constitutional rights.
B. A **permanent injunction** preventing TSA from conducting similar searches at Harry Reid International Airport.
C. **Compensatory damages** in an amount to be determined at trial.

D. **Punitive damages** against Defendants for their egregious conduct.
E. **Attorneys' fees and costs** as permitted under **42 U.S.C. § 1988**.
F. Any other relief the Court deems just and proper.

---

**JURY DEMAND**
Plaintiff demands a jury trial on all triable issues.

**Dated:** February 20, 2025
Respectfully submitted,

Mike Langley
14617 Waterview Circle Addison, Texas 75001
email: mlangleycpa@yahoo.com  phone: 972-273-9850
**Plaintiff, Pro Se**