UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIKE LANGLEY,<br><br>              Plaintiff,<br><br>v.<br><br>TRANSPORTATION SECURITY ADMINISTRATION et al.,<br><br>              Defendants. | Case No. 2:25-cv-00353-APG-BNW<br><br>**ORDER AND REPORT AND RECOMMENDATION** |

      Plaintiff Mike Langley moves to amend his complaint to remedy deficiencies identified by Defendants Transportation Security Administration,[1] Las Vegas Metropolitan Police Department, and Harry Reid International Airport[2] in their motions to dismiss. ECF No. 32. Because it is not clear that amendment would be futile, the Court grants Plaintiff's motion for leave to amend in part to allow him to bring a failure-to-intervene claim against the Doe LVMPD Officer and the LVMPD, as well as a negligence and products liability claim against the Doe Manufacturers. But the Court denies Plaintiff's Motion with respect to his *Bivens* claim against the Doe TSA Agents, along with his negligence and products liability claim against the airport, and recommends dismissing these claims as futile. The Court also denies Plaintiff's request to amend his Federal Torts Claims Act claim as moot given that he has since moved to voluntarily dismiss this claim.

      Because Plaintiff seeks to dismiss his FTCA claim, the Court need not evaluate the utility of the first supplement he filed in support of amendment. The Court therefore denies LVMPD's first motion to strike as moot. Given that Plaintiff fails to establish good cause for filing his second and third supplements, the Court grants LVMPD's second motion to strike and denies Plaintiff's motion for leave to file his third supplement. Finally, because Plaintiff's amended

---

[1] The United States appeared on behalf of the TSA.
[2] Clark County appeared on behalf of the airport.

complaint will moot the pending dispositive motions, the Court also denies the United States' motion to stay discovery as moot.

**I.     BACKGROUND**

This case stems from an allegedly violative TSA search at Harry Reid International Airport. *See generally* ECF No. 5. According to Plaintiff, the x-ray machines at the TSA checkpoint were defective, causing a "false alert" in his groin region when he was scanned. *Id.* The false alert, Plaintiff says, led to the TSA Agents subjecting him to an overly invasive and offensive search. *Id.* Plaintiff claims that when he went to a nearby LVMPD officer to report the purportedly unlawful search, the officer declined to open a criminal investigation. *Id.* Plaintiff filed suit, bringing a Fourth Amendment violation claim against the TSA, a civil rights violation claim (under 42 U.S.C. § 1983) against the TSA and LVMPD, and a negligence claim against the airport. *Id.*

Each of the parties moved to dismiss. ECF Nos. 17, 20, 24. In response, Plaintiff moved to amend his complaint to substitute some of the named defendants and cure other pleading deficiencies. ECF No. 32. The United States also moved to stay discovery pending resolution of its dispositive motion. ECF No. 36.

After seeking leave to amend, Plaintiff filed several supplements. ECF Nos. 45, 48, 59. However, he only sought leave from the Court when filing his last supplement. ECF No. 59. In turn, LVMPD moved to strike the first two. ECF Nos. 49, 50.

Plaintiff later moved to voluntarily dismiss his FTCA claim against the United States— which he included in his proposed amended complaint—to pursue exhaustion of his administrative remedies. ECF No. 60. He has since filed an administrative complaint with the TSA, but has yet to receive a denial, and the six-month response period has not lapsed. *See* ECF Nos. 61, 64. In other words, he has yet to complete administrative exhaustion.

**II.    ANALYSIS**

Plaintiff seeks leave to amend his complaint to remedy multiple deficiencies raised in Defendants' motions to dismiss. ECF No. 32. First, Plaintiff wants to amend his Fourth

2

Amendment claim to assert a *Bivens* action against the individual TSA agents, not the entire agency. ECF No. 32-1 at 5–6. Next, he seeks to amend his civil rights claim to bring a § 1983 action for "failure to intervene" against the individual LVMPD officer and LVMPD, but not against the TSA. *Id.* at 6–7. Then, he requests to add an FTCA claim against the United States (which he later effectively withdrew). *Id.* at 7–8; ECF No. 60. Lastly, he asks to assert a negligence and products liability claim against both the airport and the manufacturers of the x-ray machines. ECF No. 32-1 at 8–9.

### A. Plaintiff's Supplements

Local Rule 7-2(g) provides that "[a] party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause." "Good cause may exist either when the proffered supplemental authority controls the outcome of the litigation, or when the proffered supplemental authority is precedential, or particularly persuasive or helpful." *Urb. Outfitters, Inc. v. Dermody Operating Co., LLC*, 572 F. Supp. 3d 977, 984 (D. Nev. 2021) (quoting *Alps Prop. & Casualty Ins. C. v. Kalicki Collier, LLP*, 526 F. Supp. 3d 805, 812 (D. Nev. 2021)). If the arguments or authority which the moving party seeks to introduce are not binding or persuasive, the mere existence of those arguments or authority is not sufficient to establish good cause for the purposes of granting a request for leave to file a supplement. *Greer v. Freemantle Productions*, 622 F. Supp. 3d 1010, 1015 (D. Nev. 2022). "The judge may strike supplemental filings made without leave of court." LR 7-2(g).

Plaintiff failed to seek leave to file his first two supplements. *See* ECF Nos. 45, 48. LVMPD, in response, moved to strike them. ECF Nos. 49, 50. His first supplement relates to his FTCA claim, as it contains documents that supposedly support the conclusion that Plaintiff exhausted his administrative remedies prior to filing his complaint. *See* ECF No. 45. Because Plaintiff no longer seeks to add an FTCA claim at this time, *see* ECF No. 60, the Court need not determine whether the supplement is precedential, persuasive, or helpful. As such, the Court denies LVMPD's first motion to strike as moot.

Plaintiff's second supplement includes the TSA's response to his FOIA request for the

video footage of the incident. ECF No. 48-1. Plaintiff did not seek leave to file the supplement, and he does not explain its connection to the underlying motion other than stating that his proposed amended complaint "more accurately identifies inter-agency coordination and obstruction of material evidence." ECF No. 48. Because Plaintiff did not seek leave before filing the rogue supplement—nor demonstrate that it is precedential, persuasive, or helpful—he fails to establish good cause for its filing. The Court therefore grants LVMPD's second motion to strike.

Finally, Plaintiff *did* seek leave to file his last supplement. ECF No. 59. This supplement contains an affidavit from a former TSA employee who states that the x-ray machines generate false alerts under certain circumstances. ECF No. 59-1. Plaintiff claims that the affidavit "provides insider testimony on critical issues at the heart of this litigation." ECF No. 59 at 1. But this supplemental authority does not control the outcome of this motion, is not precedential, and is not helpful because it is not relevant to any of the Court's analysis below. Because Plaintiff fails to show good cause, the Court denies his request for leave to file the third supplement.

### B. Leave to Amend

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). The party opposing amendment bears the burden of showing why leave should be denied. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Not all these factors carry equal weight and prejudice is the "touchstone." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted. *Id.* "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Generally, the

analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

"Denial of leave to amend on th[e] ground [of futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015). Thus, amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018); *Aiello v. Geico Gen. Ins. Co.*, 379 F. Supp. 3d 1123, 1129 (D. Nev. 2019).

**1. *Bivens***

Plaintiff first seeks to amend his Fourth Amendment violation claim to assert a claim under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) against the individual TSA agents (who he names as Does) rather than the agency itself. ECF No. 32-1 at 5–6. The United States, appearing for the TSA, argues that amendment would be futile because Supreme Court precedent counsels against extending the *Bivens* doctrine in this context. ECF No. 43 at 2–5.

"In *Bivens*, the Supreme Court recognized for the first time an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Vega v. United States*, 881 F.3d 1146, 1152 (9th Cir. 2018) (internal quotations omitted). Since then, the Supreme Court has only "recognized. . . an implied cause of action in two cases involving other constitutional violations." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017); *see Davis v. Passman*, 442 U.S. 228, 248–49 (1979) (extending *Bivens* remedy to a Fifth Amendment due process claim for gender discrimination against a member of Congress); *Carlson v. Green*, 446 U.S. 14, 17–18 (1980) (extending *Bivens* remedy to an Eighth Amendment cruel and unusual

5

punishment claim against federal jailers). Indeed, "the [Supreme] Court has made clear that expanding the Bivens remedy is now a 'disfavored' judicial activity." *Abbasi*, 582 U.S. at 135.

"When a party seeks to assert an implied cause of action under the Constitution itself. . . [t]he question is 'who should decide' whether to provide for a damages remedy, Congress or the courts?" *Id.* "The first question a court must ask. . . is whether the claim arises in a new *Bivens* context, *i.e.*, whether the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court." *Vega*, 881 F.3d at 1153 (internal quotations and alterations omitted). If the court determines that the "claim arises in a new context, [it] proceed[s] to the second step and ask[s] whether there are any special factors that counsel hesitation about granting the extension." *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020) (internal quotations and alterations omitted).

i. New Context

A claim arises in a "new" context where it is "different in a meaningful way from previous *Bivens* cases decided by [the] Court[.]" *Abbasi*, 582 U.S. at 139. The meaning "of a 'new context' is broad." *Hernandez*, 589 U.S. at 102. "[E]ven a modest extension is still an extension." *Abbasi*, 582 U.S. at 147. "A case might differ in a meaningful way because of the rank of the officers involved, the constitutional right at issue, the generality or specificity of the official action, the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted, the statutory or other legal mandate under which the officer was operating, the risk of disruptive intrusion by the Judiciary into the functioning of other branches, or the presence of potential special factors that previous *Bivens* cases did not consider." *Id.* at 140.

Here, the Court is persuaded that the difference in setting and class of defendants—TSA screeners at an airport checkpoint—is sufficient to constitute a new context and marks a meaningful departure from *Bivens*. *See Hernandez*, 589 U.S. at 94 (a new context may even be found where the case "involves a 'new category of defendants.'"); *Lundquist v. United States*, No. CV 20-4980 FMO (ASX), 2021 WL 3744573, at *8 (C.D. Cal. July 27, 2021).

ii.  Special Factors

Having found that Plaintiff's constitutional claim under *Bivens* presents a new context, the Court must determine whether any special factors counsel hesitation against extending a *Bivens* remedy to such claims. The Supreme Court has explained that "[t]he necessary inference [ ] is that the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed. Thus, to be a 'special factor counselling hesitation,' a factor must cause a court to hesitate before answering that question in the affirmative." *Abbasi*, 582 U.S. at 136. Moreover, "when alternative methods of relief are available, a *Bivens* remedy usually is not." *Id.* at 145. "[I]f there is an alternative remedial structure present in a certain case, that alone may limit the power of the Judiciary to infer a new *Bivens* cause of action." *Id.* at 137.

The Supreme Court instructed that congressional inaction in providing a remedy is "telling" and "notable because it is likely that high-level policies will attract the attention of Congress." *Abbasi*, 582 U.S. at 144. "Thus, when Congress fails to provide a damages remedy in circumstances like these, it is much more difficult to believe that 'congressional inaction' was 'inadvertent.'" *Id.* Indeed, "remedies in the airport security context are circumscribed as a direct result of Congressional decisions[,]" such that the lack of a damages remedy here counsels against extending the *Bivens* doctrine. *Vanderklok v. United States*, 868 F.3d 189, 208 (3d Cir. 2017) (explaining that "Congress decided the scope of tort liability for the government and government employees and Congress allowed the creation of an administrative mechanism by which to adjudicate certain TSA complaints.").

"'Alternative remedial structures' can take many forms, including administrative, statutory, equitable, and state law remedies." *Vega*, 881 F.3d at 1154. Several courts have pointed to the existence of administrative and statutory procedures, including the Department of Homeland Security's civil rights complaint process, as constituting an alternative remedy counseling against creation of *Bivens* remedies. *See, e.g.*, *Escamilla v. United States*, 2018 WL 1684307, *10 (C.D. Cal. 2018) (alternative remedies, including "reporting [of] 'civil rights

7

violations' to the DHS's Office for Civil Rights and Civil Liberties[,]" counseled against extending *Bivens* remedy); *Vanderklok*, 868 F.3d at 208 (same); *Dyer v. Smith*, 56 F.4th 271, 281 (4th Cir. 2022) (same); *Lundquist*, 2021 WL 3744573, at *8 (same); *Boules v. United States*, No. 2:23-cv-08891-CBM-PVCX, 2024 WL 4203832, at *5 (C.D. Cal. Sept. 16, 2024) (same); *Leuthauser v. United States*, 576 F. Supp. 3d 806, 814–15 (D. Nev. 2021) (same).

Another significant special factor, national security, also counsels against the creation of a judicial damages remedy in the context of TSA security screening. Courts agree that they should exercise caution before intruding on national security matters, which are typically reserved for the legislative and executive branches. *See, e.g.*, *Vanderklok*, 868 F.3d at 208; *Dyer*, 56 F.4th at 281; *Lundquist*, 2021 WL 3744573, at *8; *Boules*, 2024 WL 4203832, at *5; *Leuthauser*, 576 F. Supp. 3d at 814. "Allowing a potential *Bivens* damages claim for the hundreds of millions of passengers screened during airport security each year runs the risk of inviting an 'onslaught of *Bivens* actions,' thereby implicating national security." *Leuthauser*, 576 F. Supp. 3d at 814 (internal citation omitted). This potential impact on national security, combined with available alternative remedies, counsels hesitation. *Id.*

In weighing all the considerations, the Court is persuaded that there are sufficient special factors present in the context of TSA airport security screeners such that the Court declines to extend a *Bivens* remedy against the Doe TSA Agents for an alleged Fourth Amendment violation. *See Abbasi*, 582 U.S. at 135–36 ("When an issue involves a host of considerations that must be weighed and appraised, it should be committed to those who write the laws rather than those who interpret them.") (internal quotations omitted); *Vanderklok*, 868 F.3d at 209 (declining to extend *Bivens* to a claim against a TSA security screener at airport); Thus, the Court denies Plaintiff's request to amend his complaint to assert a *Bivens* claim and recommends that it be dismissed as futile. *See Escamilla*, 2018 WL 1684307, at *10 (denying leave to amend for Plaintiff to add *Bivens* claims because Plaintiff had alternative remedies).

### 2. Section 1983

Plaintiff requests to amend his § 1983 claim by (1) dropping the TSA and (2) asserting a failure-to-intervene claim against the Doe LVMPD Officer and LVMPD as a department. ECF No. 32-1 at 6–7. Plaintiff alleges that the officer watched the TSA agents "commit obvious violations of Plaintiff's constitutional rights" and failed to take action to stop the misconduct despite having the opportunity—and an obligation—to do so. *Id.* As to the department, Plaintiff claims that LVMPD has a policy, practice, or custom of deferring to TSA personnel regardless of the circumstances and that this policy led to the officer's failure to intervene. *Id.*

LVMPD asserts that amendment would be futile because, as explained in its motion to dismiss, Plaintiff does not have a constitutional right to a criminal investigation. ECF No. 42 at 4–5. LVMPD also argues that it would be prejudiced by the Court allowing amendment before its dispositive motion has been resolved. *Id.* at 3–4.

The arguments in LVMPD's motion to dismiss, however, pertain to Plaintiff's original allegations that the officer declined his request to file a criminal complaint against the TSA agents. *See* ECF Nos. 5, 17. But here, Plaintiff seeks to bring a failure-to-intervene claim against the officer and the department. ECF No. 32-1 at 6–7. The Ninth Circuit has recognized that police officers have a duty to intervene when others violate a person's constitutional rights, but only if the officer had an opportunity to intervene. *Tobias v. Arteaga*, 996 F.3d 571, 583–84 (9th Cir. 2021). And while LVMPD argues that the officer had no opportunity to intervene in the allegedly unconstitutional action, ECF No. 42 at 5, Plaintiff alleges that he did. ECF No. 32-1 at 6. Because the Court accepts Plaintiff's allegations as true for purposes of this analysis, LVMPD fails to demonstrate that amendment would be futile.

The Court also finds that LVMPD will not be prejudiced by amendment. The Ninth Circuit has made clear that prejudice must be "substantial"; the potential for some prejudice does not suffice to deny leave to amend. *Montes v. Bank of Am.*, No. 2:13-cv-00660-RCJ-VCF, 2014 WL 1340232, at *3 (D. Nev. Apr. 3, 2014) (collecting cases). While LVMPD is correct that Plaintiff's amended complaint will render its dispositive motion moot, this does not constitute

9

prejudice. Even if LVMPD's dispositive motion was granted, Plaintiff would likely be afforded leave to amend because as explained above, it is not clear that amendment would be futile. This circumstance is not akin to LVMPD's cited case of *Sanchez v. Windhaven Nat'l Ins. Co.*, No. 2:19-cv-02196-RFB-VCF, 2020 WL 3489333, at *3 (D. Nev. June 25, 2020), where the court found that the defendants would be unduly prejudiced if they were forced to respond to a new complaint before it determined whether another court's stay enjoined all legal actions against the defendants. The Court here does not need to resolve the threshold issue of whether LVMPD can be sued in the first place. Thus, Plaintiff may amend his complaint to assert his § 1983 claim against the Doe LVMPD Officer and LVMPD.

### 3. FTCA

Plaintiff moved to voluntarily dismiss his FTCA claim against the United States so that he can pursue proper administrative exhaustion before bringing this claim again. ECF No. 60. Given this request, the Court denies Plaintiff's request to amend his FTCA claim as moot. Any amendment of this claim would be premature at this juncture given that Plaintiff has yet to complete administrative exhaustion. *See* ECF Nos. 60, 61, 64.

### 4. Negligence & Products Liability

The last claim Plaintiff seeks to assert in his amended complaint is a negligence and products liability claim against Harry Reid International Airport and the manufacturers of the x-ray machines, who he names as the "Doe Manufacturers." ECF No. 32-1 at 8–9. He claims that the airport was negligent in its "oversight and implementation of the security screening system." *Id.* at 9. But Clark County, appearing for the airport, argues that amendment would be futile because the TSA exercises exclusive control over the checkpoint, including making decisions about equipment selection. ECF No. 41.

The Court agrees that amendment would be futile with respect to asserting such a claim against the airport. As Clark County points out, the airport does not oversee the security screening procedures nor implement the systems or protocols. That is solely within the purview of the TSA. 49 U.S.C. § 114(e); *id.* §§ 44901(a)–(b), (l)(2); *id.* § 44925. As such, the Court

10

recommends that Plaintiff's negligence and products liability claim against Harry Reid International Airport be dismissed as futile.

However, the Court will permit amendment to assert this claim against the "Doe Manufacturers." None of the parties who have appeared in this case opposed amendment in this respect, and it is not clear to the Court, at this stage, that amendment would be futile.

### C. Discovery Stay

The United States moved to stay discovery pending the resolution of its motion to dismiss. ECF No. 36. But as explained above, the Court recommends dismissal of Plaintiff's *Bivens* claims against the Doe TSA Agents as futile, and Plaintiff moved to voluntarily dismiss his FTCA claims against the United States. Plaintiff's filing of an amended complaint—which cannot assert claims against the TSA agents or the United States—will moot all the previously filed dispositive motions. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Because the United States' motion to stay discovery is linked to its motion to dismiss, the Court denies the motion to stay discovery as moot.

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (ECF No. 32) is **GRANTED in part** and **DENIED in part** consistent with this Order.

**IT IS FURTHER ORDERED** that Plaintiff's request to amend is **GRANTED** with respect to his § 1983 claims against LVMPD and the Doe LVMPD Officer, as well as his negligence and products liability claim against the Doe Manufacturers.

**IT IS FURTHER ORDERED** that Plaintiff's request to amend is **DENIED as moot** with respect to his FTCA claim against the United States.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request to amend be **DENIED** with respect to his *Bivens* claim against the Doe TSA Agents, as well as his negligence and products liability claim against Harry Reid International Airport, and that the claims be **DISMISSED** as futile.

1  **IT IS FURTHER ORDERED** that the Clerk of Court detach and file Plaintiff's proposed First Amended Complaint (ECF No. 32-1) on the docket.

**IT IS FURTHER ORDERED** that LVMPD's First Motion to Strike (ECF No. 49) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that LVMPD's Second Motion to Strike (ECF No. 50) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Supplemental Exhibit (ECF No. 59) is **DENIED**.

**IT IS FURTHER ORDERED** that the United States' Motion to Stay Discovery (ECF No. 36) is **DENIED as moot**.

DATED this 31st day of July 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE