**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Mike Langley, | Case No. 2:25-cv-00353-APG-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Transportation Security Administration, et. al., | |
| Defendant. | |

Before this Court is Defendant Transportation Security Administration's (TSA) Motion to Stay Discovery. ECF No. 75. Plaintiff opposed the motion. ECF No. 79. Defendant Clark County (representing Harry Reid International Airport) joined Defendant TSA's motion. ECF No. 85. Defendant TSA filed a reply to Plaintiff's opposition. ECF No. 87. Plaintiff then filed a consolidated reply. ECF No. 91. The parties are familiar with the arguments. As a result, this Court does not repeat them. Instead, this Court will incorporate the arguments as necessary and relevant to this order. As explained below, this Court will stay discovery in this matter.

**I.   Legal Standard**

"The district court has wide discretion in controlling discovery[.]" *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) (citing *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988)). Federal courts have the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.*" Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600-01 (C.D. Cal. 1995). A court may, however, stay discovery under Federal Rule of Civil Procedure 26(c). Fed. R. Civ. P. 26(c)(1); *Clardy v. Gilmore*, 773 F. App'x 958, 959 (9th Cir. 2019) (affirming stay of discovery under Rule 26(c)). The standard for staying

1  discovery under Rule 26(c) is good cause. Fed. R. Civ. P. 26(c)(1) (the court "may, for good
2  cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or
3  undue burden or expense," including forbidding discovery or specifying when it will occur).

4        This Court employs the "good cause" test as articulated in *Schrader v. Wynn* when
5  deciding motions to stay discovery. *See* No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at
6  *3-4 (D. Nev. Oct. 14, 2021).  Under that test, this Court may grant motions to stay discovery
7  when a dispositive motion is pending if (1) the dispositive motion can be decided without further
8  discovery; and (2) good cause exists to stay discovery. *Id*. Ultimately, guided by Rule 1 of the
9  Federal Rules of Civil Procedure, this Court is trying to determine "whether it is more just to
10 speed the parties along in discovery and other proceedings while a dispositive motion is pending,
11 or whether it is more just to delay or limit discovery and other proceedings to accomplish the
12 inexpensive determination of the case." *Id*. (citing *Tradebay*, 278 F.R.D. at 603).

13 **II.    Analysis**

14       By way of background, this Court granted in part and denied in part Plaintiff's first
15 motion to amend. ECF No. 66. The denial of a motion to amend on futility grounds is dispositive.
16 As such, this Court issued a report and recommendation as to the claims it found futile.
17 Specifically, this Court recommended that Plaintiff's *Bivens* claims against the TSA and the tort
18 claims against Clark County (Harry Reid International Airport) be denied as futile. *Id*. Plaintiff
19 objected to the recommendation and Defendant TSA requested the objection be overruled. ECF
20 Nos. 70, 74. The district court has not yet ruled on the objection to this Court's dispositive
21 recommendation.[1] The pending objections are potentially dispositive as it regards the defendants
22 mentioned above. No discovery is needed for the resolution of the objection.

23       This Court finds good cause to stay discovery as to these two defendants until Plaintiff's
24 objection is resolved. Indeed, this Court has already found that Plaintiff will not be able to bring
25 these specific claims. ECF No. 66. Moreover, Plaintiff filed a motion for leave to file a second

---

[1] Of note, Plaintiff filed a motion for leave to file a second amendment complaint in which he, inter alia, (1) re-asserts the *Biven* claims against the TSA this Court found futile and (2) does not include any claims against Clark County (Harry Reid Airport).

amended complaint in which he does not allege any claims against Clark County.[2] In this particular case, mandating these defendants to engage in the discovery process would violate the principles of Rule 1.

### III.   Conclusion

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 75) is **GRANTED**.

DATED this 24th day of October 2025.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's proposed second amended complaint names Clark County as a defendant but none of the claims are asserted against it. ECCF No. 72-1.