**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MIKE LANGLEY,

    Plaintiff

v.

TRANSPORTATION SECURITY
ADMINISTRATION, et al.,

    Defendants

Case No.: 2:25-cv-00353-APG-NJK

**Order (1) Denying Plaintiff's Objection to Magistrate Judge Weksler's Report and Recommendation, (2) Granting in Part Plaintiff's Motion for Leave to File a Second Amended Complaint, and (3) Granting Plaintiff's Motion to Substitute a Defendant**

[ECF Nos. 32, 66, 72, 94]

Mike Langley travelled through Harry Reid International Airport in Clark County, Nevada in November 2024. After exiting the Transportation Security Administration (TSA) scanner, he was flagged by TSA security for carrying an object in his groin region. ECF No. 67 at 3-4. Two TSA agents conducted an alleged "invasive and aggressive pat-down of [Langley's] body." *Id.* at 4. He reported this pat-down to an unnamed Las Vegas Metropolitan Police Department (LVMPD) officer at the scene who did not take any action. *Id.* He filed this suit in response. ECF No. 5. Langley sues the United States of America, unnamed TSA agents, (LVMPD), an unnamed LVMPD officer, Harry Reid International Airport, Clark County, and unnamed scanner manufacturers and software vendors responsible for the creation of the scanners.

Langley sought leave to file a first amended complaint (FAC) that included several new claims. ECF No. 32. Judge Weksler granted the motion in part, making the FAC the operative complaint. ECF No. 66 at 11-12. But she issued a Report and Recommendation that I deny the motion to amend in part because two of the FAC's claims were futile. *Id.* at 11. The first was a

negligence and products liability claim against Harry Reid International Airport for its "oversight and implementation of [its] security screening system." ECF No. 67 at 8-9.  The second was a *Bivens*[1] claim under the Fourth Amendment against unnamed TSA agents for conducting an unreasonable search of Langley. *Id.* at 5.  Judge Weksler recommends dismissing both claims. ECF No. 66 at 11.  Langley objected to the Report and Recommendation, arguing that his *Bivens* claim is not futile, but his objection did not address his negligence and products liability claim against the airport. ECF No. 70.

Langley then moved for leave to file a Second Amended Complaint (SAC). ECF No. 72. He sought to correct the name of defendant Clark County, remove his Federal Tort Claims Act (FTCA) claim against the United States,[2] and add a new claim under 5 U.S.C. § 702 for injunctive and declaratory relief against the United States and the TSA. *Id.* at 2; ECF No. 72-1 at 1-2, 4-5.  The proposed SAC reasserts his *Bivens* claim against the unnamed TSA agents. ECF No. 72-1 at 3-4.  He also filed a "notice" identifying the unnamed LVMPD officer he sued as Officer Angela Suarez. ECF No. 94. [3]

I accept Judge Weksler's Report and Recommendation and deny Langley leave to include the negligence and products liability claim against Harry Reid International Airport because Langley did not object to Judge Weksler's recommendation that amendment be denied as to this claim.  I also accept Judge Weksler's recommendation to deny leave to add the *Bivens* claim

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] I have already granted Langley's voluntary dismissal of the FTCA claim, so this proposed amendment is moot. ECF No. 92.

[3] For the purposes of this order, I interpret this as a motion for leave to substitute a defendant.  If Langley seeks to amend his complaint to substitute a named party for a "Doe" defendant in the future, he must file a motion for leave to amend his complaint and not merely a "notice."

against the unnamed TSA agents because that claim is futile. Accordingly, I dismiss both claims from the FAC.

I grant in part Langley's motion for leave to file the SAC. Langley may add the claim under § 702 against the United States and the TSA for injunctive and declaratory relief because the claim is not futile. I deny leave to change the name of Clark County because the SAC does not assert any claim against Clark County, so it is not a defendant in this action. I also deny leave to add the *Bivens* claim because it is futile. Finally, I grant Langley leave to substitute Officer Angela Suarez as the "Jane Doe LVMPD Officer" defendant in his SAC.

**I. JUDGE WEKSLER'S REPORT AND RECOMMENDATION ON THE MOTION FOR LEAVE TO FILE THE FAC**

**A. Langley consents to denial of leave to file a negligence and products liability claim against Harry Reid International Airport.**

Langley did not object to Judge Weksler's recommendation that I deny his motion for leave to file an amended complaint with a negligence and products liability claim against Harry Reid International Airport. Thus, I am not obligated to conduct a de novo review of that recommendation. 28 U.S.C. § 636(b)(1) (requiring district courts to "make a de novo determination of those portions of the report or specified proposed findings to which objection is made"); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise" (emphasis in original)). I accept Judge Weksler's recommendation and deny Langley leave to include this claim in his FAC.

/ / / /

/ / / /

**B. Langley may not amend his complaint to add a *Bivens* claim because doing so is futile.**

Langley objected to Judge Weksler's recommendation that I deny him leave to amend his complaint to add a *Bivens* claim and that I dismiss the claim. I review de novo a magistrate judge's recommendations to which objections have been made. LR IB 3-2(b).

I must "freely give leave" to a plaintiff to amend his complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). I am to apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). I consider "five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "The party opposing the amendment bears the burden of showing why leave should be denied." *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 343 (D. Nev. 2022)

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995). But "leave to amend should be denied as futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018) (simplified). Denying leave to amend due to futility "is rare." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss." *Steward v. CMRE Fin. Servs., Inc.*, No. 2:15-cv-00408-JAD-NJK, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015).

Langley seeks to add a *Bivens* claim that unnamed TSA agents violated the Fourth Amendment by unreasonably searching him at the airport. In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, the Supreme Court held that the plaintiff had an implied cause of action under the Constitution for damages against federal officials for a Fourth Amendment unreasonable search and seizure. 403 U.S. 388, 389, 396-97 (1971). The Supreme Court has recognized only two implied causes of action involving constitutional violations since then: a former congressional staffer's gender-based employment discrimination claim under the Fifth Amendment's Due Process Clause; and an Eighth Amendment claim against federal prison officials for failing to treat a prisoner's severe asthma. *Davis v. Passman*, 442 U.S. 228, 230-31, 248-49 (1979); *Carlson v. Green*, 446 U.S. 14, 16 n.1, 19 (1980). *See also Egbert v. Boule*, 596 U.S. 482, 491 (2022) ("Since [*Davis* and *Carlson*], the [Supreme] Court has not implied additional causes of action under the Constitution."). These implied causes of actions have come to be known as "*Bivens* claims" or "*Bivens* remedies." *See Ziglar v. Abbasi*, 582 U.S. 120, 136, 137 (2017) (quotation omitted).

Langley argues that because the TSA agents violated the Constitution, I must allow him to file his *Bivens* claim. At this stage though, the question is not whether the TSA agents' conduct violated the Constitution but rather whether the Constitution implies a cause of action for the alleged constitutional violation. *See Egbert*, 596 U.S. at 486.

I do a two-step analysis to determine whether to recognize a *Bivens* claim. I first ask "whether the claim arises in a new *Bivens* context." *Ziglar*, 582 U.S. at 147. "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." *Egbert*, 596 U.S. at 492 (quotation omitted). "If there

is even a single reason to pause before applying *Bivens* in a new context, [I] may not recognize a *Bivens* remedy." *Id.* (quotation omitted).

Today, "expanding the *Bivens* remedy" is a "disfavored judicial activity." *Ziglar*, 582 U.S. at 135 (quotation omitted).  The Ninth Circuit has described new *Bivens* remedies as essentially "dead on arrival." *Harper v. Nedd*, 71 F.4th 1181, 1187 (9th Cir. 2023).

    *1.  Langley's complaint extends* Bivens *to a new context.*

"If the case is different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court, then the context is new." *Ziglar*, 582 U.S. at 139.  These differences may include "the constitutional right at issue" or suing "a new category of defendants." *Id.* at 139-40; *Hernandez v. Mesa*, 589 U.S. 93, 102 (2020) (quotation omitted).  Here, Langley brings a *Bivens* claim under the Fourth Amendment, so it is meaningfully different from the Fifth Amendment claim in *Davis* and the Eighth Amendment claim in *Carlson*.  *Bivens* involved a Fourth Amendment claim, but Langley's Fourth Amendment claim is against TSA agents, a different category of defendants than those in *Bivens*, who were agents in the Federal Bureau of Narcotics. *See Bivens*, 403 U.S. at 389.  None of the cases Langley cites is a Supreme Court decision recognizing a *Bivens* claim, so they are not relevant to this prong of the *Bivens* analysis.[4] Therefore, Langley's *Bivens* claim arises in a new context.

---

[4] *Franks v. Del.*, 438 U.S. 154, 155-56 (1978) (recognizing a criminal defendant's Fourth Amendment right to a hearing to challenge the truthfulness of factual statements made in an affidavit supporting a warrant in some circumstances); *United States v. Leon*, 468 U.S. 897, 900, 905 (1984) (declining to apply the exclusionary rule in a criminal case to bar evidence obtained by officers acting in reasonable reliance on a search warrant issued by a detached a neutral magistrate but ultimately found to be invalid); *United States v. Aukai*, 497 F.3d 955 (9th Cir. 2007) (en banc); *Leuthauser v. United States*, 71 F.4th 1189, (9th Cir. 2023); *Ioane v. Hodges*, 939 F.3d 945 (9th Cir. 2018); *Lanuza v. Love*, 899 F.3d 1019 (9th Cir. 2018).

    *2. There are special factors counseling hesitation in recognizing a new* Bivens *claim here.*

The inquiry whether special factors preclude recognizing a *Bivens* claim "must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Ziglar*, 582 U.S. at 136. "Because matters intimately related to . . . national security are rarely proper subjects for judicial intervention, . . . a *Bivens* cause of action may not lie where . . . national security is at issue." *Egbert*, 596 U.S. at 494 (simplified). "Judicial inquiry into the national-security realm raises concerns for the separation of powers in trenching on matters committed to the other branches." *Ziglar*, 582 U.S. at 142 (quotation omitted). Though "national-security concerns must not become a talisman used to ward off inconvenient claims," they are "the prerogative of the Congress and President." *Id.* at 142-143 (*citing* U.S. Const. Art. I, § 8; Art. II, §§ 1, 2).

The practices of TSA and its agents raise national security concerns, and thus I cannot recognize a cause of action for damages against the unnamed TSA agents in the absence of a statute. "The TSA was created in response to the terrorist attacks of September 11, 2001, specifically for the purpose of securing our nation's airports and air traffic." *Vanderklok v. United States*, 868 F.3d 189, 206 (3d Cir. 2017). The Supreme Court stated a *Bivens* action that challenges "major elements of the Government's whole response to the September 11 attacks" implicates "sensitive issues of national security" such that the *Bivens* claim is unavailable. *Ziglar*, 582 U.S. at 142, 146. The Third Circuit held that TSA's role "in securing public safety is so significant" that it declined to create a *Bivens* claim against a TSA agent. *Vanderklok*, 868 F.3d at 209.

Similarly, Langley's claim implicates national security by challenging the efficacy of TSA's passenger screening process. This is a special factor indicating that Congress is better suited to determine the availability of a damages action against TSA agents for constitutional violations. Therefore, Langley's *Bivens* claim against the unnamed TSA agents is unavailable, and amending his complaint to add the claim is futile. I accept and adopt Judge Weksler's Report and Recommendation as my own, deny Langley's objection, and dismiss his *Bivens* claim and his negligence and products liability claim against Harry Reid International Airport.

**II.   MOTION FOR LEAVE TO FILE THE SAC AND NOTICE OF IDENTIFICATION OF JANE DOE LVMPD OFFICER**

Langley seeks leave to file a SAC. The proposed SAC raises the same *Bivens* claim against the unnamed TSA agents, changes the name of defendant Clark County, and adds a new claim under 5 U.S.C. § 702 for injunctive and declaratory relief against the United States and the TSA. Separately, Langley seeks to substitute Officer Angela Suarez as defendant "Jane Doe LVMPD officer."

I grant Langley leave to substitute Officer Angela Suarez as "Jane Doe LVMPD officer." As evidence, he attached LVMPD's second supplement to the list of witnesses which added Officer Suarez as a witness in this case. ECF No. 94-1 at 4.

For the reasons stated above, any amendment to assert the *Bivens* claim is futile. Accordingly, I deny him leave to include that claim in the SAC.

Amending Clark County's title in the complaint is also futile because Langley asserts no claims against it. The proposed SAC lists the full title of Clark County as "Clark County, Nevada, a Political Subdivision of the State of Nevada, by and through its Department of Aviation (Operator of Harry Reid International Airport)." ECF No. 72-1 at 1. Clark County filed

notice that it "owns and operates Harry Reid International Airport," that Langley naming Harry Reid International Airport as a defendant was a "misnomer," and that "[a]ll claims alleged against Harry Reid International Airport have been addressed by the proper Defendant, Clark County." ECF No. 81 at 1.  Langley justifies continuing to include Clark County as a defendant in the proposed SAC because "Clark County remains a live Monell[5] defendant." ECF No. 90 at 4.  But the proposed SAC alleges its *Monell* claim only against LVMPD. ECF No. 72-1 at 4.  Neither the FAC nor Langley's original complaint alleged a *Monell* claim against Clark County.  ECF No. 67 at 6.  The proposed SAC asserts no claims against Clark County.  As I ruled above, I have dismissed Langley's only claim against Harry Reid International Airport: the negligence and product liability claim.  Therefore, there is no reason to list Clark County as a defendant under any title, so this amendment is futile.  I deny Langley leave to include Clark County as a defendant in his SAC.

The United States claims that adding a claim for injunctive and declaratory relief under 5 U.S.C. § 702 against the United States and the TSA is futile because Langley has not identified a waiver of sovereign immunity.  But § 702 "generally waives sovereign immunity and permits a challenge to agency action unless 'any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.'" *Cmty. Legal Servs. in E. Palo Alto v. United States Dep't of Health & Hum. Servs.*, 137 F.4th 932, 937 (9th Cir. 2025) (quoting 5 U.S.C. § 702).[6]

The United States also argues that adding the § 702 claim is futile because Langley lacks standing to seek injunctive relief because he has not shown how he continues to suffer adverse

---

[5] Langley refers to *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978).

[6] The United States does not argue that Langley is not challenging agency action or that another statute forbids the relief he seeks.  Even if it did, such arguments are better addressed through a motion to dismiss.

effects due to TSA's actions. But the proposed SAC alleges that Langley "continues to travel for work and family obligations and faces a real and immediate threat of recurrence of the unconstitutional practice he experienced unless prospective relief issues." ECF No. 72-1 at 3. Without ultimately ruling on the issue, this "raises a possibility" that he has standing. *Thompson v. Los Robles Reg'l Med. Ctr.*, No. 20-55771, 2020 WL 5002214, at *1 (9th Cir. Oct. 28, 2021). This issue is better addressed in a motion to dismiss, and I have not yet ruled whether Langley has standing. *See Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 650-51, 656 (9th Cir. 2017). Therefore, Langley's amendment to add a claim under § 702 is not futile.

Accordingly, I grant in part Langley's motion for leave to file a SAC. He may file a new document using the same language as his proposed SAC, ECF No. 72-1, with his proposed party substitution. But he must remove the portions of the SAC that I denied him leave to include so the SAC complies with this order. The new SAC may not otherwise change the language from the proposed SAC and may not add any additional claims or parties.

## III.   CONCLUSION

I THEREFORE ORDER that Magistrate Judge Weksler's Report and Recommendation **(ECF No. 66) is ACCEPTED** and plaintiff Langley's objection **(ECF No. 70) is DENIED**. I **DENY** in part Langley's motion for leave to file a first amended complaint **(ECF No. 32)** regarding Langley's negligence and products liability claim against Harry Reid International Airport and his *Bivens* claim against the unnamed TSA agents, and I **DISMISS** those claims.

I FURTHER ORDER that Langley's notice, which I construe as a motion to substitute a defendant, **(ECF No. 94) is GRANTED**.

I FURTHER ORDER that Langley's motion for leave to file a second amended complaint **(ECF No. 72) is GRANTED in part**. He may file a new second amended complaint

by April 10, 2026 that uses the same language as the proposed SAC, ECF No. 72-1, while removing the *Bivens* claim, removing Clark County as a defendant, and substituting Officer Angela Suarez as "Jane Doe LVMPD officer."  He may not otherwise change the language from the proposed SAC and may not add any additional claims or parties.

DATED this 19th day of March, 2026.

_____

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE